# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided October 3, 2008

No. 06-5339

TYRONE HURT,
APPELLANT

v.

SOCIAL SECURITY ADMINISTRATION,
APPELLEE

———

Associated with Nos. 06-5340, 06-5341, 06-5342, 06-5343, 06-5344, 06-5345, 06-5346, 06-5347, 06-5348, 06-5349, 06-5350, 06-5351, 06-5352, 06-5360, 06-5368, 06-5369, 06-5370, 06-5387, 06-7185, 06-7186, 06-7187, 06-7188, 06-7189, 06-7190, 06-7191, 06-7192, 07-5012, 07-5013, 07-5014, 07-5015, 07-5017, 07-5018, 07-5020, 07-5035, 07-5096, 07-5193, 07-7001, 07-7003, 07-7004, 07-7005, 07-7033, 07-7048, and 07-7058.

———

Appeals from the United States District Court
for the District of Columbia
(Nos. 06cv1787, 06cv1795, 06cv1790, 06cv1793, 06cv1789, 06cv1732, 06cv1794, 06cv1782, 06cv1783, 06cv1784, 06cv1785, 06cv1786, 06cv1730, 06cv1723, 06cv1864, 06cv1878, 06cv1880, 06cv1865, 06cv1879, 06cv1792,

06cv1791, 06cv1801, 06cv1788, 06cv1780, 06cv1796, 06cv1727, 06cv1720, 07cv0032, 07cv0037, 07cv0039, 07cv0040, 07cv0081, 07cv0082, 07cv0085, 07cv0150, 06cv1446, 07cv0962, 06cv2141, 07cv0083, 06cv0738, 06cv1663, 07cv0327, 06cv1468, 07cv0647)

———

*Tyrone Hurt*, *pro se*, filed the submissions on behalf of the appellant.

Before: HENDERSON, RANDOLPH and BROWN, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Tyrone Hurt has filed numerous appeals without paying any filing fees. Finding Hurt abused the privilege of proceeding before this Court without paying the usually required fees, we revoke this privilege, dismiss his forty-four pending cases and bar him from filing any future civil appeals without paying the required fees.

I.

An extraordinary number of people, institutions, and inanimate objects have wronged Tyrone Hurt. In just the last couple of years, Hurt has sued the Declaration of Independence, Black's Law Dictionary, the United Nations, agencies of the District of Columbia and the Federal Government, and various courts and their officers. Hurt has claimed the existence of state supreme courts violates the Eighth Amendment, requested the Secret Service and the President's Cabinet be declared unconstitutional, and demanded the deportation of a Spanish-speaking government employee. *See Hurt v. The Declaration of Independence*, No.

07cv0647, 3/30/07 Mem. Op. and Order at 2–4 & n.4–7 (summarizing filings). Nor are the slights Hurt suffered mere glancing blows; he routinely demands trillions of dollars in damages. In the overwhelming majority of these suits, the district court granted Hurt's application to proceed *in forma pauperis* ("IFP")—in other words, without paying any filing fees. In each case, the district court then dismissed Hurt's suit as meritless.

Not surprisingly, Hurt disagreed with these dismissals and has filed more than seventy appeals with this Court since 2006. Hurt paid no filing fees, usually relying upon the IFP status the district court granted him. *See* D.C. CIRCUIT RULE 24(a)(3). After summarily dismissing more than twenty-five of Hurt's appeals, we held the rest in abeyance pending the resolution of his suit against this Circuit. Three judges sitting by designation disposed of both that suit and a related claim, *Hurt v. United States Court of Appeals for the Dist. of Columbia Circuit Banc*, 264 F. App'x 1 (D.C. Cir. 2008) (per curiam); *Hurt v. United States Dist. Court Judges*, 258 F. App'x 341 (D.C. Cir. 2007) (per curiam), and Hurt's forty-four remaining appeals became active again. This Court then ordered Hurt to show cause why we should not both revoke his IFP status for the pending appeals and deny him IFP status for any future civil appeals.

II.

The United States Code allows federal courts to "authorize the commencement, prosecution or defense of any suit … or appeal therein, without prepayment of fees," but also requires them to dismiss "frivolous or malicious" cases and cases seeking monetary relief from defendants immune therefrom. 28 U.S.C. §§ 1915(a), (e)(2). This Circuit grants IFP status to various plaintiffs, *see* D.C. CIRCUIT RULE 24, but

asserts its discretion to deny or revoke this privilege for abusive litigants, looking to "the number, content, frequency, and disposition of [their] previous filings," *Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007). Given Hurt's history of filing frivolous claims and appeals, he easily satisfies the standard for revocation of the IFP privilege. However, his penchant for litigation as a form of costless entertainment compels us to go one step further and ask whether we may bar him from proceeding IFP in all future civil appeals.

When "the number, content, frequency, and disposition" of a litigant's filings show an especially abusive pattern, we think a court may deny IFP status prospectively. We recognize this holding conflicts with *In re Green*, 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam), where this Circuit, vacating a district court order requiring an abusive litigant to pay filing fees and $100 cash deposit in any future suits, explained section 1915(a) requires a court to determine "separately in every case" whether to allow a litigant to proceed *in forma pauperis*. *Id.* at 786.

Subsequent Supreme Court cases suggest *Green* was wrong when it held section 1915(a) prohibited prospective denials of IFP status.[1] For example, in *In re McDonald*, 489 U.S. 180 (1989) (per curiam), the Court directed its Clerk not to process unpaid extraordinary writ petitions from a particularly abusive litigant, explaining, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or

---

[1] Since intervening Supreme Court cases have overruled *Green*'s holding on this point, we need not resort to *en banc* endorsement under *Irons v. Diamond*, 670 F.2d 265, 268 n. 11 (D.C. Cir. 1981). *See In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003); *see also* Policy Statement on *En Banc* Endorsement of Panel Decisions at 2–3 (Jan. 17, 1996).

frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Id.* at 184. Importantly, the *McDonald* Court made this decision after analyzing section 1915(a), thus rejecting *Green*'s contrary interpretation of that section. *Id.* at 183–84. Since *McDonald*, the Supreme Court has regularly issued blanket prohibitions against granting IFP status for non-criminal petitions from abusive filers, *see, e.g.*, *Al-Hakim v. Publix Supermarkets*, 128 S. Ct. 712 (2007) (per curiam); *Martin v. D.C. Court of Appeals*, 506 U.S. 1 (1992) (per curiam), and other circuits have relied on the Court's pronouncements in prospectively denying IFP status to abusive litigants, *see, e.g.*, *Visser v. Supreme Court of Cal.*, 919 F.2d 113, 114 (9th Cir. 1990) (order); *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). Finally, in 1996, Congress amended 28 U.S.C. § 1915 to prevent prisoners who have filed three frivolous, malicious or meritless claims from proceeding IFP in future cases unless they are "under imminent danger of serious physical injury." *See* Prison Litigation Reform Act, Pub. L. No. 104-134 §§ 801–10, 110 Stat. 1321 (1996). If such a rule is appropriate for prisoners, who are severely limited in their ability to earn money to pay filing fees, surely it is permissible for similarly vexatious non-incarcerated litigants.

Applying these principles to Hurt's case, we think "the number, content, frequency, and disposition" of his filings shows an especially abusive pattern, aimed at taking advantage of the IFP privilege. Hurt has brought numerous meritless appeals—suits targeting institutions, people and inanimate objects—while asking for sums of money dwarfing the size of the Federal Government's annual budget. Indeed, since the start of 2006, Hurt has filed appeals in over seventy cases before this Court, none of which had any chance of

success.  If Hurt wishes to continue wasting this Court's time by appealing dismissals of his absurd and frivolous claims, he should have to do it on his own dime.

## III.

We revoke Hurt's IFP privilege, dismiss all his appeals pending before this Court and direct the Clerk of the Court to refuse to accept any more of Hurt's civil appeals that are not accompanied by the appropriate filing fees.

*So ordered.*